## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JEVON R. BATES-SMITH,** | ) | **CASE NO. 1:25 CV 1138** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **OFFICER AYLASSA BROWN,** *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

### Background

*Pro se* Plaintiff Jevon Bates-Smith, a prisoner incarcerated in Indiana, has filed a civil rights complaint in this case against the City of Solon and Solon Police Officer Aylassa Brown. (Doc. No. 1.) He indicates that he asserts claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of "the 4th Amendment, Defamation of Character." (*Id*. at 3, ¶ II.)

With respect to his Fourth Amendment claim, Plaintiff merely states that "[e]verytime [he] would travel to visit family . . . Officer Brown would pull him over" and that "[t]he 1st pullover the date is unavailable [and] the second pull over [he] had just left Detroit Michigan and was charged for Driving under the Influence parked at a Seven Eleven air pump in Solon." (*Id*. at 2.)

With respect to his claim of defamation, he simply states that he was "harassed by a public official with false allegations" while "sleeping in his car . . . waiting to put air in his

tires." (*Id.*)

He seeks monetary relief ($40,000) for "future life damages." (*Id.* at 5, ¶ VI.)

**Standard of Review and Discussion**

Although *pro se* pleadings are entitled to liberal construction and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment generally accorded *pro se* plaintiffs "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

Federal district courts are expressly required, under 28 U.S.C. §§ 1915(e) and 1915A, to screen all *in forma pauperis* complaints and any complaint in which a prisoner seeks redress from a governmental entity or employee, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under §§ 1915(e) and 1915A). Detailed factual allegations are not required, but the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And courts are not required to

accept non-specific factual allegations and inferences or unwarranted legal conclusions in determining whether a complaint states a claim for relief. *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003), citing *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986).

Upon review, the Court finds that Plaintiffs' complaint warrants *sua sponte* dismissal pursuant to §§ 1915(e) and 1915A. To state a claim for relief in federal court, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Hendrock*, 68 Fed. Appx. at 574 (internal quotation marks and citation omitted). Plaintiff's complaint fails to so. Instead, his complaint consists entirely of unclear and conclusory assertions and legal conclusions that fail to demonstrate the elements of any plausible claim for defamation, or under the Fourth Amendment, against either Defendant. S*ee, e.g, Hendrock*, 68 Fed. Appx. 573; *Rice v. Jones,* No. 23-3972, 2023 WL 8369996, at *2 (6th Cir. June 23, 2023) (plaintiff's complaint properly dismissed where complaint failed to "allege any facts to support an inference that the defendants lacked probable cause to arrest him," but merely alleged that troopers "falsely accused and arrested" him on "conjured up charges");*Ryniewicz v. Clarivate Analytics*, 803 Fed. Appx. 858, 868 (6th Cir. 2020) (a plaintiff's general, conclusory allegations that he was falsely accused of embezzlement were insufficient to allege plausible defamation claim).

The City of Solon, moreover, cannot be sued for violations of 42 U.S.C. § 1983 unless the Plaintiff shows that the City had an official policy or custom that deprived him of a federal

right. *Chukwuani v. City of Solon, Ohio*, No. 1:24-cv-2257, 2025 WL 2307923, at *3 (N.D. Ohio Aug. 11, 2025), citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978). Plaintiff's complaint is also subject to dismissal against the City of Solon because he does not allege facts sufficient to suggest that Solon had an official policy or custom that was the moving force behind a violation of his federal rights.

**Conclusion**

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and for the foregoing reasons, his complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

8/20/2025

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE